**FILED**

OCT 2 6 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EQUAL RIGHTS CENTER, et al.      )
                                 )
        Plaintiffs,              )
                                 )
v.                               )
                                 )    Case: 1:07-mc-00438
ARCHSTONE-SMITH TRUST, et al.    )    Assigned To : Robertson, James
                                 )    Assign. Date : 10/26/2007
        Defendants/Cross-Plaintiffs, )    Description: Miscellaneous
                                 )
v.                               )
                                 )
NILES BOLTON ASSOCIATES, INC.    )
                                 )
        Cross-Defendant.         )

## CROSS-PLAINTIFFS ARCHSTONE-SMITH TRUST AND ARCHSTONE-SMITH OPERATING TRUST'S MOTION TO QUASH SUBPOENAS IN PART

Pursuant to Federal Rule of Civil Procedure 45(3)(A), Cross-Plaintiffs Archstone-Smith

Trust and Archstone-Smith Operating Trust (collectively "Archstone"), through undersigned

counsel, respectfully move this Court to quash, in part, the subpoenas served on Cohen, Milstein,

Hausfeld & Toll, P.L.L.C., Washington Lawyer's Committee for Civil Rights and Urban Affairs,

Equal Rights Center, and American Association of People with Disabilities (collectively

"Subpoena Recipients") by Cross-Defendant Niles Bolton Associates, Inc. ("NBA").  Archstone

requests that the Court quash the subpoenas to the extent that they require the Subpoena

Recipients to produce documents from confidential settlement negotiations between the

Subpoena Recipients and Archstone.

As Archstone explains in the accompanying memorandum, the subpoenas should be

quashed in part because the settlement communications that NBA seeks are protected and

**RECEIVED**

OCT 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

inadmissible pursuant to Federal Rule of Evidence 408. Furthermore, disclosure of these

protected materials would not lead to the discovery of relevant, admissible evidence as required

by Federal Rule of Civil Procedure 26(b)(1). Accordingly, Archstone requests that its motion be

granted.

Respectfully submitted,

Richard Ben-Veniste
Gary A. Winters (Bar No. 11252)
Andrew A. Nicely (Bar No. 14727)
MAYER BROWN LLP
1909 K Street, N.W.
Washington, D.C. 20006
Phone: (202) 263-3000
Fax:    (202) 263-3300
Email: gwinters@mayerbrown.com
        anicely@mayerbrown.com

*Counsel for Cross-Plaintiffs Archstone-Smith Trust and Archstone Smith Operating Trust*

DATE: October 26, 2007

## RULE 16.3 CERTIFICATION

In accordance with Local Civil Rule 16.3, I certify that attempts were made to resolve with counsel for Niles Bolton Associates, Inc. ("NBA") the discovery dispute that is the subject of this motion.   A meet-and-confer between Charles Rogers (Cross-Defendant's counsel) and Lucius Outlaw (Archstone's counsel) was held via telephone on October 12, 2007, during which NBA's counsel stated that NBA will move to compel production of the settlement-related documents that are the subject of this motion.   Because the parties were unable to reach agreement regarding the relief sought herein, Archstone has filed this motion.

Andrew A. Nicely

## NOTICE OF RELATED ACTION

Niles Bolton Associates, Inc. ("NBA") has served Archstone with document requests under Federal Rule of Civil Procedure 34 that seek the same settlement negotiation materials requested by the subpoenas at issue in this Motion. Archstone has filed with the United States District Court for the District Maryland, the court presiding over the lawsuit between Archstone and NBA, a motion for a protective order barring discovery of settlement negotiations. *See* Mot. for Protective Order, *Equal Rights Ctr. v. Archstone-Smith Trust,* Civil Case No. 04-CV-3975 (AMD) (D. Md. Oct. 24, 2007) (Dkt. No. 128). On the same grounds expressed herein, Archstone is seeking a protective order that bars discovery from any source and by any method (including subpoena), of communications, documents, and any other material that is related or connected to the settlement negotiations between Archstone and Plaintiffs Equal Rights Center, American Association of People with Disabilities, and United Spinal Association.

Archstone respectfully requests that this Court hold this Motion in abeyance until the United States District Court for the District of Maryland (Baltimore) resolves Archstone's motion for a protective order.

FILED

OCT 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EQUAL RIGHTS CENTER, et al.    )
    )
    Plaintiffs,    )
    )
v.    )   Misc
    )   CIVIL ACTION NO. 07-438
ARCHSTONE-SMITH TRUST, et al.    )
    )
    Defendants/Cross-Plaintiffs,    )
    )
v.    )
    )
NILES BOLTON ASSOCIATES, INC.    )
    )
    Cross-Defendant.    )

## CROSS-PLAINTIFFS ARCHSTONE-SMITH TRUST AND ARCHSTONE-SMITH OPERATING TRUST'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO QUASH SUBPOENAS IN PART

Cross-Plaintiffs Archstone-Smith Trust and Archstone-Smith Operating Trust (collectively "Archstone") respectfully submit this memorandum of points and authorities in support of their motion to quash, in part, the subpoenas served on Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Washington Lawyer's Committee for Civil Rights and Urban Affairs, Equal Rights Center, and American Association of People with Disabilities (collectively "Subpoena Recipients") by Cross-Defendant Niles Bolton Associates, Inc. ("NBA"). Because the materials that NBA seeks are neither admissible nor reasonably calculated to lead to the discovery of relevant, admissible evidence, Archstone's motion should be granted.

### INTRODUCTION

The original complaint filed by Plaintiffs Equal Rights Center, American Association of People with Disabilities, and United Spinal Association (collectively "Plaintiffs") alleged that defendants Archstone, NBA, Clark Realty Buildings, VIKA, and Meeks + Partners, violated the

accessibility requirements of the Fair Housing Act ("FHA") and the Americans with Disabilities Act ("ADA") in connection with the development and design of more than 100 apartment properties throughout the country.

In June 2005, following intensive negotiations, Archstone and the Plaintiffs entered into a settlement. Under the consent decree entered by the United States District Court for the District of Maryland on June 8, 2005, Archstone paid Plaintiffs $1.4 million and became obligated to survey and retrofit 71 properties to comply with the requirements of the FHA and ADA. *See* Consent Decree, *Equal Rights Ctr.. v. Archstone-Smith Trust,* Civil Case No. 04-CV-3975 (AMD) (D. Md. June 9, 2005) (Dkt. No. 37).

Fifteen of the properties (the "NBA Properties") covered by the consent decree were designed by NBA under contracts entered into between NBA and Archstone (or Archstone's predecessors-in-interest). On July 1, 2005, Archstone filed a cross-claim against NBA seeking to recover (i) the portion of the $1.4 million settlement payment to the Plaintiffs attributable to the NBA Properties; (ii) the costs of retrofitting those portions of the NBA Properties that were not designed in conformity with applicable FHA and ADA requirements; and (iii) a portion of the attorney's fees that Archstone has incurred in defending against Plaintiffs' claims and in enforcing its right to indemnification from NBA (the "Cross-Claim").

The central issue raised by the Cross-Claim is whether the plans for the NBA properties violate the accessibility requirements of the FHA and the ADA. If the plans do not satisfy the requirements of the FHA and ADA, as Archstone intends to prove, then NBA must indemnify Archstone. Recently, in an effort to divert attention from this core issue, NBA has served a battery of subpoenas *duces tecum* on Plaintiffs and their counsel, including the Subpoena Recipients, seeking discovery of the confidential settlement negotiations leading up to the

settlement between Archstone and the Plaintiffs. Ex. 1.[1]  In addition to other materials, the

subpoena served on the Subpoena Recipients seeks documents pertaining to:

> (i) the settlement of the claims asserted against Archstone-Smith Trust and the Archstone-Smith Operating Trust in the lawsuit captioned Equal Rights Center et al. v. Archstone-Smith Trust et al. v. Niles Bolton Associates, Inc., U.S. District Court for the District of Maryland, Civil Action No. 04-3975 AMD;
>
> \* \* \* \* \*
>
> (iii) any completed, planned or proposed modifications to any Properties as a result of the aforementioned settlement;

*Id.*

Archstone timely served objections to the subpoenas and requested that the Subpoena

Recipients withhold all responsive settlement communications pending judicial resolution of

Archstone's objections. *See* Ex. 2. Archstone informed the Subpoena Recipients that it does not

object to the production of any documents responsive to the second and fourth categories set

forth in the subpoena. *Id.*

NBA is not entitled to obtain protected settlement communications and related

documents by way of subpoena, or through other discovery methods, because the information

NBA seeks is not "reasonably calculated to lead to the discovery of admissible evidence." Fed.

R. Civ. P. 26(b)(1). As a matter of law, settlement communications are inadmissible pursuant to

Federal Rule of Evidence 408 ("Rule 408"), and NBA cannot demonstrate that these documents

will lead to the discovery of evidence that is not also protected by Rule 408. Moreover, any legal

or factual position, admission, or argument made in the context of Archstone's settlement

negotiations with Plaintiffs has no relevance to the central issue of *this* dispute—whether NBA

failed to design the properties at issue in a manner that complied with the accessibility

---

[1]     The subpoenas sent to the other Plaintiffs are identical in substance.

requirements of the FHA and the ADA. Therefore, the subpoenas served on the Subpoena

Recipients should be quashed to the extent that they require the production of Archstone's

settlement negotiations with Plaintiffs.

## ARGUMENT

NBA should be precluded from using the subpoenas served on the Subpoena Recipients

to obtain protected materials related to the confidential settlement negotiations between the

Subpoena Recipients and Archstone.

As Archstone demonstrates below, the subpoenas served on the Subpoena Recipients

should be quashed in part pursuant to Federal Rule of Civil Procedure 45 for three independent

reasons. First, the subpoenas seek inadmissible settlement communications, and therefore the

discovery does not comply with the limits imposed by Rule 26. Second, the settlement

communications sought by the subpoenas are protected by Rule 408, and as such, are not

obtainable by way of subpoena under the plain language of Rule 45(c)(3)(A)(iii). Third, nothing

communicated or documented during the settlement negotiations between Plaintiffs and

Archstone has any relevance to the question of whether NBA designed the NBA Properties in

accordance with the FHA or ADA.

## I.   NBA'S SUBPOENAS SEEK SETTLEMENT MATERIALS THAT ARE BEYOND THE PERMISSIBLE SCOPE OF DISCOVERY UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(b)(1).

As a threshold matter, a Rule 45 subpoena must adhere to the discovery requirements and

limitations of Federal Rule of Civil Procedure 26. *See* Rule 26(a)(5) ("Parties may obtain

*discovery* by one or more of the following methods: . . .[Rule] 45(a)(1)(C)) (emphasis added);

*see also In re Providian Fin. Corp. Secs. Litig.*, 222 F.R.D. 22, 25 (D.D.C. 2004) ("[d]iscovery

may be obtained . . . pursuant to Rule 45"); *Wantanabe Realty Corp. v. City of N.Y.*, 159 Fed.

Appx. 235, 240 (2d Cir. 2005) (affirming district court's finding that Rule 45 subpoenas cannot

be used to circumvent discovery deadlines under Rule 26(a)(5)); *Mortgage Info. Servs. v. Kitchens,* 210 F.R.D. 562, 566 (W.D.N.C. 2002) ("After reviewing the relevant case law on both sides of this issue, the Court adopts the rule followed by the majority of jurisdictions and holds that a Rule 45 subpoena does in fact constitute discovery."). Thus, as with any discovery, a Rule 45 subpoena is proper only if it is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The subpoenas served on the Subpoena Recipients fall far short of this standard.

By its terms, Rule 408(a) bars the admissibility of settlements and settlement offers to prove "liability for, invalidity of, or amount of a claim . . . ." The subpoenas served on the Subpoena Recipients explicitly call for all documents (in any form) "which concern or relate to . . . (i) the *settlement* of the claims . . . (iii) any completed, planned or proposed modifications . . . as a result of the aforementioned *settlement* . . . ." Ex. 1 (emphasis added). There can be no dispute that documents and communications that are responsive to either of these categories are settlement materials that are inadmissible under Rule 408. *See Byrd v. Reno*, No. 96-2375CKK JMF, 1998 WL 429676, at *12 (D.D.C. Feb. 12, 1998) (noting that "evidence that a settlement offer was made and of conduct and statements made during settlement negotiations are inadmissible" under Rule 408); *see also Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 909 (2d Cir. 1997) ("Rule 408 bars offers of settlement and the admission of statements and conduct made "in the course of compromise negotiations."); *see also Pace v. Paris Maint. Co.,* 107 F. Supp. 2d 251, 265 (S.D.N.Y. 2000) (finding a statement made during settlement negotiations inadmissible pursuant to Rule 408), *aff'd* 7 Fed. Appx. 94 (2d Cir. 2001).

Because the settlement materials that NBA seeks are not admissible at trial, their disclosure in response to the subpoenas cannot serve any useful purpose. Furthermore, any

additional discovery that NBA might attempt to seek on the basis of information that it gleans

from the settlement communications also would be inadmissible at trial. For example, if NBA

used letters related to settlement negotiations to question a witness during a deposition, the

resulting testimony also would be inadmissible at trial.

Courts around the country have recognized that materials created in furtherance of

settlement negotiations are not discoverable. *See Johns Hopkins Univ. v. Datascope Corp.*, No.

WDQ-05-759, 2007 WL 1450367, at *2 (D. Md. May 16, 2007) (holding that Rule 26(b)(1)

barred plaintiff's discovery of defendant's settlement negotiations in a related matter); *accord*

*Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 981 (6th Cir. 2003)

("The public policy favoring secret negotiations, combined with the inherent questionability of

the truthfulness of any statements made therein, leads us to conclude that a settlement privilege

should exist . . . ."); *Allen County v. Reilly Indus.*, 197 F.R.D. 352, 353 (N.D. Ohio 2000) (noting

the "well-established privilege relating to settlement discussions") (internal quotation marks

omitted); *Cook v. Yellow Freight Sys., Inc.,* 132 F.R.D. 548, 554 (E.D. Cal. 1990) ("[T]here is a

well established privilege relating to settlement discussions that the court finds applicable to this

particular motion"); *Olin Corp. v. Ins. Co. of N. Am.,* 603 F. Supp. 445, 449 (S.D.N.Y. 1985).

(holding that "the settlement privilege prevented [the seeking party] from obtaining discovery").

These courts recognize the public and judicial interests that Rule 408 is designed to

protect by shielding settlement discussions from public scrutiny. As explained by the Sixth

Circuit:

> There exists a strong public interest in favor of secrecy of matters
> discussed by parties during settlement negotiations. This is true whether
> settlement negotiations are done under the auspices of the court or
> informally between the parties. The ability to negotiate and settle a case
> without trial fosters a more efficient, more cost-effective, and significantly
> less burdened judicial system. In order for settlement talks to be effective,

parties must feel uninhibited in their communications. Parties are unlikely to propose the types of compromises that most effectively lead to settlement unless they are confident that their proposed solutions cannot be used on cross examination, under the ruse of "impeachment evidence," by some future third party. Parties must be able to abandon their adversarial tendencies to some degree. They must be able to make hypothetical concessions, offer creative *quid pro quos,* and generally make statements that would otherwise belie their litigation efforts. Without a privilege, parties would more often forego negotiations for the relative formality of trial. Then, the entire negotiation process collapses upon itself, and the judicial efficiency it fosters is lost.

*Goodyear,* 332 F.3d at 980; *see also SEC v. Thrasher,* No. 92 CIV. 6987, 1996 WL 94533, at \*2 (S.D.N.Y. Feb.27, 1996) (recognizing that courts have applied "a modest presumption against disclosure of settlement negotiations in those circumstances in which disclosure seems likely to chill parties' willingness to make the sort of disclosures in settlement discussions that are necessary to achieve agreement").

Archstone acknowledges that in *In re Subpoena Issued to Commodity Futures Trading Commission,* 370 F. Supp. 2d 201 (D.D.C. 2005), *aff'd in part on other grounds*, 439 F.3d 740 (D.C. Cir. 2006), the court held that a settlement privilege did not exist to protect settlement-related materials from disclosure. Archstone contends that the latter case is inapplicable here. In *In re Subpoena*, the party resisting the subpoena argued that this Court should adopt and apply a federal settlement privilege. Archstone does not go that far, nor does Archstone believe that the creation of a federal settlement privilege is necessary to provide the relief sought in this motion. Rather, Archstone respectfully submits that the discovery limits and requirements imposed by Rule 26, to which a Rule 45 subpoena must adhere, sufficiently warrant a finding that the subpoenas at issue here exceed the scope of permissible discovery. The court did not address this argument in *In re Subpoena*.

NBA's efforts to obtain settlement negotiation materials implicates precisely the concerns addressed by the Sixth Circuit in *Goodyear*. Specifically, it appears that NBA hopes to find "impeachment evidence" consisting of "hypothetical concessions," "creative *quid pro quos*," and other statements that "otherwise belie [Archstone's] litigation efforts." 332 F.3d at 980. Settlement negotiations in this case and in cases involving other litigations undoubtedly will be chilled if parties in Archstone's position cannot have confidence that any compromises, offers to compromise, admissions, or changes in position they make during settlement negotiations will not be discoverable and used against them in subsequent litigation. Therefore, the subpoena served on the Subpoena Recipients should be quashed to the extent it seeks to obtain materials and communications connected to the settlement negotiations between Archstone and Plaintiffs.

## II.    THE SUBPOENA SHOULD BE PARTLY QUASHED BECAUSE IT SEEKS SETTLEMENT COMMUNICATIONS THAT ARE PROTECTED BY RULE 408.

Rule 45(c)(3)(A)(iii) provides that a subpoena should be quashed or modified if it "requires disclosure of privileged or *other protected matter* and no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii) (emphasis added). NBA's subpoenas should be quashed in part under Rule 45(c)(3)(A)(iii) because they seek exactly the sort of materials that cannot be obtained by way of subpoena.

As explained above in Part I, any documents responsive to categories (i) and (iii) of the subpoenas at issue here will constitute settlement materials that are protected from disclosure and use at trial by Rule 408. NBA, moreover, cannot demonstrate that an exception to the Rule applies. *See* Rule 408(a). Therefore, Archstone's motion should be granted and the subpoenas should be quashed with respect to categories (i) and (iii).

12

**III.    SETTLEMENT NEGOTIATION MATERIALS ARE NOT RELEVANT TO THE ISSUE OF THIS CASE AND NBA HAS NO COMPELLING NEED FOR THEM.**

NBA should be barred from pursuing confidential settlement materials for the independent reasons that the information is irrelevant, and NBA has no compelling need for the information.

**A.    The Settlement Communications And Materials Sought By NBA's Subpoena Are Irrelevant To The Central Issue Of The Dispute.**

Evidence is not relevant unless it has some "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; *see also United States v. Johnson*, 92 Fed. Appx. 801, 802 (D.C. Cir. 2004); *United States v. Basciano*, 430 F. Supp. 2d 87, 91-92 (E.D.N.Y. 2006).

How Archstone and the Plaintiffs reached their settlement has no bearing on the pertinent question of whether NBA designed the NBA Properties in compliance with the accessibility requirements of the FHA and the ADA. The settlement negotiations do not prove or disprove any of the pending claims or defenses. Any legal or factual position, admission, or argument that Archstone may have made while negotiating the settlement with Plaintiffs has no relevance to the central issue in the present case—NBA's liability for design defects.

What is relevant is that a settlement was reached between Archstone and the Plaintiffs, resulting in monies paid by Archstone for which Archstone is entitled to indemnification from NBA. The fact that Archstone paid money as part of a settlement and the terms of the settlement, including the remedial steps Archstone has agreed to take, are facts that either have been disclosed or will be disclosed to NBA in the course of discovery. In short, the settlement negotiation information sought by the subpoenas served on the Subpoena Recipients has no

relevance to the dispute between Archstone and NBA, and therefore the subpoenas should be quashed in the manner requested.

**B.    NBA Cannot Demonstrate A Compelling Need For The Settlement Communications And Materials That Overrides Archstone's And The Public's Interest In Preserving The Confidentiality Of Settlement Negotiations.**

The relief sought here is appropriate for the additional reason that NBA's curiosity about Archstone's settlement negotiations is greatly outweighed by Archstone's legitimate interest in preserving the confidentiality of those negotiations. Courts generally do not permit the discovery even of settlement agreements themselves absent a particularized showing of substantial or compelling need for the sought after settlement materials. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 n.8 (2d Cir. 2004) (noting that the consensus in the Second Circuit is that there is no presumption of access to the terms of a confidential settlement agreement absent "extraordinary circumstances or a compelling need"); *Butta-Brinkman v. FCA Int'l, Ltd.*, 164 F.R.D. 475, 476-77 (N.D. Ill. 1995) (holding that the "strong congressional policy favoring settlement weighs in favor of keeping such documents protected, so long as the information is available through other means"); *Morse/Diesel, Inc. v. Fid. & Deposit Co.*, 122 F.R.D. 447, 450 (S.D.N.Y. 1988) (noting that a "particularized showing of a likelihood that admissible evidence will be generated by the dissemination of the terms of a settlement agreement" is required) (internal quotation marks omitted).

NBA is attempting to probe behind the settlement agreement by taking discovery about the negotiations that produced the settlement. Those settlement negotiations unquestionably are entitled to a greater degree of protection than the settlement agreements that courts have found to be deserving of heightened protection. Yet, NBA has no compelling need for the settlement negotiation materials that it seeks, particularly because it has, or will have all relevant materials

and documents pertaining to the outcome of the settlement. Indeed, the settlement agreement between Archstone and the Plaintiffs is embodied in a publicly-filed consent decree which NBA has had for two years. Moreover, Archstone has agreed to provide documents and testimony bearing upon the *outcome* of the settlement — namely, what remediations Archstone agreed to make at each of the NBA Properties, the costs of the remediations, and what FHA or ADA standard made the remediations necessary. That NBA possesses or will possess all of this relevant evidence obviates the need for the Subpoena Recipients to collect, review, and produce irrelevant documents that have no bearing on the issues in this lawsuit.

## CONCLUSION

For the reasons set forth above, Archstone respectfully requests that this Court grant its Motion and quash the subpoenas served on the Subpoena Recipients to the extent that they seek protected materials from or concerning the settlement negotiations between Archstone and Plaintiffs.

Respectfully submitted,

Richard Ben-Veniste
Gary A. Winters (D.C. Bar No. 439376)
Andrew A. Nicely (D.C. Bar No. 458805)
MAYER BROWN LLP
1909 K Street, N.W.
Washington, D.C. 20006
Phone: (202) 263-3000
Fax:    (202) 263-3300
Email: gwinters@mayerbrown.com
          anicely@mayerbrown.com

*Counsel for Cross-Claimants Archstone-Smith Trust and Archstone-Smith Operating Trust*

DATE:        October 26, 2007

15

## CERTIFICATE OF SERVICE

I certify that on this 26th day of October 2007, a copy of the foregoing motion, and all

accompanying documents, was served by email and U.S. mail to:

> Charles E. Rogers, Esq.
> Carlock, Copeland, Semler & Stair, LLP
> 2600 Marquis Two Tower
> 285 Peachtree Center Avenue
> Atlanta, GA  30303
> Russell S. Drazin, Esq.
>
> Jackson & Campbell, P.C.
> 1120 20th Street, N.W., South Tower
> Washington, D.C. 20036
> (202) 457-1600
> (202) 457-1678 fax
> *Counsel for Niles Bolton Associates, Inc.*

_____
Andrew A. Nicely

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EQUAL RIGHTS CENTER, et al. | ) |
|     Plaintiffs, | ) *SUBPOENA DUCES TECUM* |
| | ) |
| v. | ) |
| | ) |
| ARCHSTONE-SMITH TRUST, et al. | ) CIVIL ACTION NO. 04 CV 3975 |
| | ) *District of Maryland* |
|     Defendants/Cross-Plaintiffs, | ) (Judge Andre M. Davis) |
| | ) |
| v. | ) |
| | ) |
| NILES BOLTON ASSOCIATES, INC. | ) |
| | ) |
|     Cross-Defendant. | ) |

TO:    **Equal Rights Center**
        **11 Dupont Circle, N.W., 4th Floor**
        **Washington, D.C. 20036**

   **X**   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects in your possession, custody or control at the place, date and time specified below:

        Please see attached Exhibit "A."

| PLACE: Cohen, Milstein, Hausfeld & Toll, P.L.L.C. | DATE AND TIME:   October 26, 2007 |
|---|---|
|       1100 New York Avenue, N.W. | |
|       West Tower, Suite 500 | |
|       Washington, D.C. 2000 | |

       YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| ANY ORGANIZATION NOT A PARTY TO THIS SUIT THAT IS SUBPOENAED FOR THE TAKING OF A DEPOSITION IS HEREBY DIRECTED PURSUANT TO RULE 30(b)(6), FEDERAL RULES OF CIVIL PROCEDURE, TO FILE A DESIGNATION WITH THE COURT SPECIFYING ONE OR MORE OFFICERS, DIRECTORS, OR MANAGING AGENTS, OR OTHER PERSONS WHO CONSENT TO TESTIFY ON ITS BEHALF, AND SHALL SET FORTH, FOR EACH PERSON DESIGNATED, THE MATTERS ON WHICH HE WILL TESTIFY OR PRODUCE DOCUMENTS OR THINGS. THE PERSON SO DESIGNATED SHALL TESTIFY AS TO MATTERS KNOWN OR REASONABLY AVAILABLE TO THE ORGANIZATION. | |

**ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER**

Attorneys for Cross-Defendant, Niles Bolton Associates, Inc.:

Charles E. Rogers, Esq.
CARLOCK, COPELAND, SEMLER AND STAIR, LLP
2600 Marquis Two Tower
285 Peachtree Center Ave
Atlanta, GA 30303
(404) 522-8220

    Russell S. Drazin
JACKSON & CAMPBELL, P.C.
1120 - 20th Street, N.W.
South Tower
Washington, DC 20036-3437
(202) 457-1600

I CERTIFY THAT THE SUBPOENA IS ISSUED IN COMPLIANCE WITH RULE 45(c)(1) AND THAT NOTICE AS REQUIRED BY RULE 45 (b)(1) HAS BEEN GIVEN TO ALL PARTIES.

 ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)

DATE:  **9/26/07**        Counsel for Cross-Defendant

07-438

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

**FILED**

OCT 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## Exhibit A

All documents, correspondence, memoranda, internal memoranda, drafts, proposals, notes, reports and any other form of written or electronic communications, including e-mail messages and attachments, which were exchanged between any employees, directors, officers or representatives of the Equal Rights Center and: (a) Archstone-Smith Trust, Archstone-Smith Operating Trust and all predecessor entities, including Archstone Communities Trust, Security Capital, Security Capital Atlantic and the Charles E. Smith Companies; (b) Richard Ben-Veniste, Gary A. Winters, Andrew A. Nicely or other attorneys or employees of Mayer, Brown, Rowe & Maw, LLP; and (c) LCM Architects, LLC or its employees, and which concern or relate to

(i) the settlement of the claims asserted against the Archstone-Smith Trust and the Archstone-Smith Operating Trust in the lawsuit captioned Equal Rights Center et al. v. Archstone-Smith Trust et al. v. Niles Bolton Associates, Inc., U.S. District Court for the District of Maryland, Civil Action No. 04-3975 AMD;

(ii) allegations of FHA and/or ADA violations at the Properties;

(iii) any completed, planned or proposed modifications to any Properties as a result of the aforementioned settlement; and

(iv) the Cross-Claim asserted against Niles Bolton Associates, Inc. by Archstone-Smith Trust and the Archstone-Smith Operating Trust in the Lawsuit.

For purposes of this subpoena, the term "Properties" shall be defined as the apartment communities known as:

(1) Archstone Worldgate a/k/a Westerly
(2) Archstone Hickory Hollow a/k/a Overlook
(3) Cameron Landing
(4) Cameron at Barrett Creek
(5) Archstone North Point a/k/a Cameron at North Point
(6) Archstone State Bridge a/k/a Cameron Bridge
(7) Archstone Governors Green a/k/a Cameron at Governors Green
(8) Archstone Matthews a/k/a Cameron Matthews
(9) Archstone Olde Apex a/k/a Cameron Woods
(10) Archstone Springfield Station a/k/a Metro Station
(11) Archstone Reston Landing
(12) Archstone Preston a/k/a Cameron Chase
(13) Archstone Rocky Creek a/k/a Cameron Preserve
(14) Archstone Woodland Park a/k/a Cameron at Woodland Park
(15) Archstone Stoneridge a/k/a University Center Apartments

## PROOF OF SERVICE

| | |
|---|---|
| **SERVED:  DATE:**_____ | **FEES AND MILEAGE TENDERED TO WITNESS** |
| **PLACE:** | _____YES   _____NO |
| _____ | **AMOUNT $_____** |
| **SERVED ON (PRINT NAME)** | **MANNER OF SERVICE** |
| _____ | _____ |
| **SERVED BY (PRINT NAME)** | **TITLE** |
| _____ | _____ |

## DECLARATION OF SERVER

I certify that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
         **DATE**

**SIGNATURE OF SERVER**

**ADDRESS OF SERVER**

Rule 45, Federal Rules of Civil Procedure, Parts (c) and (d):

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoenas. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of the rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time in the court that issued the subpoena for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant experts resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued, or regarding a subpoena commanding appearance at a deposition, or production or inspection directed to a non-party, the court in the county where the non-party resides, is employed or regularly transacts business in person, shall quash or modify the subpoena if it:

(I) fails to allow reasonable time for compliance; or

(II) requires a person who is not a party or an officer, director or managing agent of a party to travel more than 50 miles from the county where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (III) of this rule, such a person may in order to attend trial be commanded to travel from the county where the subpoena was served to the place within the state where the trial is held; or

(III) requires disclosure of privileged or otherwise protected matter and no exception or waiver applies; or

(IV) subjects a person to undue burden.

(B) If a subpoena:

(I) requires disclosure of a trade secret or other confidential research, development, or commercial information; or

(II) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party; or

(III) requires a person who is not a party or an office, director or managing agent of a party to incur substantial expense to travel from the county where that person resides, is employed or regularly transacts business in person.

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EQUAL RIGHTS CENTER, et al. | ) | |
| Plaintiffs, | ) ) | *SUBPOENA DUCES TECUM* |
| v. | ) ) | |
| ARCHSTONE-SMITH TRUST, et al. | ) ) | CIVIL ACTION NO. 04 CV 3975 *District of Maryland* (Judge Andre M. Davis) |
| Defendants/Cross-Plaintiffs, | ) ) | |
| v. | ) ) | |
| NILES BOLTON ASSOCIATES, INC. | ) ) | |
| Cross-Defendant. | ) | |

TO:    **American Association of People with Disabilities**
1629 K Street, N.W., Suite 503
Washington, D.C. 20006

____**X**____ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects in your possession, custody or control at the place, date and time specified below:

Please see attached Exhibit "A."

| PLACE: Cohen, Milstein, Hausfeld & Toll, P.L.L.C. 1100 New York Avenue, N.W. West Tower, Suite 500 Washington, D.C. 2000 | DATE AND TIME:    October 26, 2007 |
|---|---|

_____ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| ANY ORGANIZATION NOT A PARTY TO THIS SUIT THAT IS SUBPOENAED FOR THE TAKING OF A DEPOSITION IS HEREBY DIRECTED PURSUANT TO RULE 30(b)(6), FEDERAL RULES OF CIVIL PROCEDURE, TO FILE A DESIGNATION WITH THE COURT SPECIFYING ONE OR MORE OFFICERS, DIRECTORS, OR MANAGING AGENTS, OR OTHER PERSONS WHO CONSENT TO TESTIFY ON ITS BEHALF, AND SHALL SET FORTH, FOR EACH PERSON DESIGNATED, THE MATTERS ON WHICH HE WILL TESTIFY OR PRODUCE DOCUMENTS OR THINGS. THE PERSON SO DESIGNATED SHALL TESTIFY AS TO MATTERS KNOWN OR REASONABLY AVAILABLE TO THE ORGANIZATION. | |

ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER

Attorneys for Cross-Defendant, Niles Bolton Associates, Inc.:

Charles E. Rogers, Esq.
CARLOCK, COPELAND, SEMLER AND STAIR, LLP
2600 Marquis Two Tower
285 Peachtree Center Ave
Atlanta, GA 30303
(404) 522-8220

Russell S. Drazin
JACKSON & CAMPBELL, P.C.
1120 - 20th Street, N.W.
South Tower
Washington, DC 20036-3437
(202) 457-1600

I CERTIFY THAT THE SUBPOENA IS ISSUED IN COMPLIANCE WITH RULE 45(c)(1) AND THAT NOTICE AS REQUIRED BY RULE 45 (b)(1) HAS BEEN GIVEN TO ALL PARTIES.

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)

Counsel for Cross-Defendant

DATE:    9/26/07

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## Exhibit A

All documents, correspondence, memoranda, internal memoranda, drafts, proposals, notes, reports and any other form of written or electronic communications, including e-mail messages and attachments, which were exchanged between any employees, officers, directors or representatives of the American Association of People with Disabilities and: (a) Archstone-Smith Trust, Archstone-Smith Operating Trust and all predecessor entities, including Archstone Communities Trust, Security Capital, Security Capital Atlantic and the Charles E. Smith Companies; (b) Richard Ben-Veniste, Gary A. Winters, Andrew A. Nicely or other attorneys or employees of Mayer, Brown, Rowe & Maw, LLP; and (c) LCM Architects, LLC or its employees, and which concern or relate to

(i) the settlement of the claims asserted against the Archstone-Smith Trust and the Archstone-Smith Operating Trust in the lawsuit captioned Equal Rights Center et al. v. Archstone-Smith Trust et al. v. Niles Bolton Associates, Inc., U.S. District Court for the District of Maryland, Civil Action No. 04-3975 AMD;

(ii) allegations of FHA and/or ADA violations at the Properties;

(iii) any completed, planned or proposed modifications to any Properties as a result of the aforementioned settlement; and

(iv) the Cross-Claim asserted against Niles Bolton Associates, Inc. by Archstone-Smith Trust and the Archstone-Smith Operating Trust in the Lawsuit.

For purposes of this subpoena, the term "Properties" shall be defined as the apartment communities known as:

(1) Archstone Worldgate a/k/a Westerly
(2) Archstone Hickory Hollow a/k/a Overlook
(3) Cameron Landing
(4) Cameron at Barrett Creek
(5) Archstone North Point a/k/a Cameron at North Point
(6) Archstone State Bridge a/k/a Cameron Bridge
(7) Archstone Governors Green a/k/a Cameron at Governors Green
(8) Archstone Matthews a/k/a Cameron Matthews
(9) Archstone Olde Apex a/k/a Cameron Woods
(10) Archstone Springfield Station a/k/a Metro Station
(11) Archstone Reston Landing
(12) Archstone Preston a/k/a Cameron Chase
(13) Archstone Rocky Creek a/k/a Cameron Preserve
(14) Archstone Woodland Park a/k/a Cameron at Woodland Park
(15) Archstone Stoneridge a/k/a University Center Apartments

## PROOF OF SERVICE

SERVED:  DATE:_____

FEES AND MILEAGE TENDERED TO WITNESS

PLACE:

_____YES  _____NO

_____

AMOUNT $_____

SERVED ON (PRINT NAME)

MANNER OF SERVICE

_____

_____

SERVED BY (PRINT NAME)

TITLE

_____

_____

## DECLARATION OF SERVER

I certify that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____

DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts (c) and (d):

## (c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of the rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time in the court that issued the subpoena for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant experts resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued, or regarding a subpoena commanding appearance at a deposition, or production or inspection directed to a non-party, the court in the county where the non-party resides, is employed or regularly transacts business in person, shall quash or modify the subpoena if it:

(I) fails to allow reasonable time for compliance; or

(II) requires a person who is not a party or an officer, director or managing agent of a party to travel more than 50 miles from the county where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (III) of this rule, such a person may in order to attend trial be commanded to travel from the county where the subpoena was served to the place within the state where the trial is held; or

(III) requires disclosure of privileged or otherwise protected matter and no exception or waiver applies; or

(IV) subjects a person to undue burden.

(B) If a subpoena:

(I) requires disclosure of a trade secret or other confidential research, development, or commercial information; or

(II) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party; or

(III) requires a person who is not a party or an office, director or managing agent of a party to incur substantial expense to travel from the county where that person resides, is employed or regularly transacts business in person.

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

## (d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EQUAL RIGHTS CENTER, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | *SUBPOENA DUCES TECUM* |
| | ) | |
| v. | ) | |
| | ) | |
| ARCHSTONE-SMITH TRUST, et al. | ) | CIVIL ACTION NO. 04 CV 3975 |
| | ) | *District of Maryland* |
| | ) | (Judge Andre M. Davis) |
| Defendants/Cross-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NILES BOLTON ASSOCIATES, INC. | ) | |
| | ) | |
| Cross-Defendant. | ) | |

TO:    Washington Lawyer's Committee for Civil Rights and Urban Affairs
        11 Dupont Circle, Suite 200
        Washington, D.C. 20036

___X___YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects in your possession, custody or control at the place, date and time specified below:

        Please see attached Exhibit "A."

| PLACE: Cohen, Milstein, Hausfeld & Toll, P.L.L.C.<br>1100 New York Avenue, N.W.<br>West Tower, Suite 500<br>Washington, D.C. 2000 | DATE AND TIME:   October 26, 2007 |
|---|---|

_____YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

ANY ORGANIZATION NOT A PARTY TO THIS SUIT THAT IS SUBPOENAED FOR THE TAKING OF A DEPOSITION IS HEREBY DIRECTED PURSUANT TO RULE 30(b)(6), FEDERAL RULES OF CIVIL PROCEDURE, TO FILE A DESIGNATION WITH THE COURT SPECIFYING ONE OR MORE OFFICERS, DIRECTORS, OR MANAGING AGENTS, OR OTHER PERSONS WHO CONSENT TO TESTIFY ON ITS BEHALF, AND SHALL SET FORTH, FOR EACH PERSON DESIGNATED, THE MATTERS ON WHICH HE WILL TESTIFY OR PRODUCE DOCUMENTS OR THINGS. THE PERSON SO DESIGNATED SHALL TESTIFY AS TO MATTERS KNOWN OR REASONABLY AVAILABLE TO THE ORGANIZATION.

ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER

Attorneys for Cross-Defendant, Niles Bolton Associates, Inc.:

| | |
|---|---|
| Charles E. Rogers, Esq.<br>CARLOCK, COPELAND, SEMLER AND STAIR, LLP<br>2600 Marquis Two Tower<br>285 Peachtree Center Ave<br>Atlanta, GA 30303<br>(404) 522-8220 | Russell S. Drazin<br>JACKSON & CAMPBELL, P.C.<br>1120 - 20th Street, N.W.<br>South Tower<br>Washington, DC 20036-3437<br>(202) 457-1600 |

I CERTIFY THAT THE SUBPOENA IS ISSUED IN COMPLIANCE WITH RULE 45(c)(1) AND THAT NOTICE AS REQUIRED BY RULE 45 (b)(1) HAS BEEN GIVEN TO ALL PARTIES.

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)

Counsel for Cross-Defendant

DATE: 9/26/07

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

**Exhibit A**

All documents, correspondence, memoranda, internal memoranda, drafts, proposals, notes, reports and any other form of written or electronic communications, including e-mail messages and attachments, which were exchanged between Isabelle Thaubault, Donald L. Kahl or any other employee, attorney, shareholder or partner of the Washington Lawyer's Committee for Civil Rights and Urban Affairs and:  (a) Archstone-Smith Trust, Archstone-Smith Operating Trust and all predecessor entities, including Archstone Communities Trust, Security Capital, Security Capital Atlantic and the Charles E. Smith Companies; (b) Richard Ben-Veniste, Gary A. Winters, Andrew A. Nicely or other attorneys or employees of Mayer, Brown, Rowe & Maw, LLP; and (c) LCM Architects, LLC or its employees, and which concern or relate to

(i) the settlement of the claims asserted against the Archstone-Smith Trust and the Archstone-Smith Operating Trust in the lawsuit captioned Equal Rights Center et al. v. Archstone-Smith Trust et al. v. Niles Bolton Associates, Inc., U.S. District Court for the District of Maryland, Civil Action No. 04-3975 AMD;

(ii) allegations of FHA and/or ADA violations at the Properties;

(iii) any completed, planned or proposed modifications to any Properties as a result of the aforementioned settlement; and

(iv) the Cross-Claim asserted against Niles Bolton Associates, Inc. by Archstone-Smith Trust and the Archstone-Smith Operating Trust in the Lawsuit.

For purposes of this subpoena, the term "Properties" shall be defined as the apartment communities known as:

> (1) Archstone Worldgate a/k/a Westerly
> (2) Archstone Hickory Hollow a/k/a Overlook
> (3) Cameron Landing
> (4) Cameron at Barrett Creek
> (5) Archstone North Point a/k/a Cameron at North Point
> (6) Archstone State Bridge a/k/a Cameron Bridge
> (7) Archstone Governors Green a/k/a Cameron at Governors Green
> (8) Archstone Matthews a/k/a Cameron Matthews
> (9) Archstone Olde Apex a/k/a Cameron Woods
> (10) Archstone Springfield Station a/k/a Metro Station
> (11) Archstone Reston Landing
> (12) Archstone Preston a/k/a Cameron Chase
> (13) Archstone Rocky Creek a/k/a Cameron Preserve
> (14) Archstone Woodland Park a/k/a Cameron at Woodland Park
> (15) Archstone Stoneridge a/k/a University Center Apartments

## PROOF OF SERVICE

| | |
|---|---|
| SERVED:  DATE:_____ | FEES AND MILEAGE TENDERED TO WITNESS |
| PLACE: | _____YES _____NO |
| _____ | AMOUNT $_____ |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| _____ | _____ |
| SERVED BY (PRINT NAME) | TITLE |
| _____ | _____ |

## DECLARATION OF SERVER

I certify that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
            DATE                              SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts (c) and (d):

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d) (2) of the rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time in the court that issued the subpoena for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant experts resulting from the inspection and copying commanded.

(3) (A)  On timely motion, the court by which a subpoena was issued, or regarding a subpoena commanding appearance at a deposition, or production or inspection directed to a non-party, the court in the county where the non-party resides, is employed or regularly transacts business in person, shall quash or modify the subpoena if it:

(I)  fails to allow reasonable time for compliance; or

(II)  requires a person who is not a party or an officer, director or managing agent of a party to travel more than 50 miles from the county where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (III) of this rule, such a person may in order to attend trial be commanded to travel from the county where the subpoena was served to the place within the state where the trial is held; or

(III)  requires disclosure of privileged or otherwise protected matter  and no exception or waiver applies; or

(IV)  subjects a person to undue burden.

(B)  If a subpoena:

(I)  requires disclosure of a trade secret or other confidential research, development, or commercial information; or

(II)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party; or

(III)  requires a person who is not a party or an office, director or managing agent of a party to incur substantial expense to travel from the county where that person resides, is employed or regularly transacts business in person.

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA**

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EQUAL RIGHTS CENTER, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | ***SUBPOENA DUCES TECUM*** |
| | ) | |
| v. | ) | |
| | ) | |
| ARCHSTONE-SMITH TRUST, et al. | ) | CIVIL ACTION NO. 04 CV 3975 |
| | ) | *District of Maryland* |
| | ) | (Judge Andre M. Davis) |
| Defendants/Cross-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NILES BOLTON ASSOCIATES, INC. | ) | |
| | ) | |
| Cross-Defendant. | ) | |

TO:     Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
         1100 New York Avenue, N.W.
         West Tower, Suite 500
         Washington, D.C. 20005

**__X__ YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects in your possession, custody or control at the place, date and time specified below:

         Please see attached Exhibit "A."

| PLACE: Cohen, Milstein, Hausfeld & Toll, P.L.L.C. 1100 New York Avenue, N.W. West Tower, Suite 500 Washington, D.C. 2000 | DATE AND TIME:    October 26, 2007 |
|---|---|

_____**YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

ANY ORGANIZATION NOT A PARTY TO THIS SUIT THAT IS SUBPOENAED FOR THE TAKING OF A DEPOSITION IS HEREBY DIRECTED PURSUANT TO RULE 30(b)(6), FEDERAL RULES OF CIVIL PROCEDURE, TO FILE A DESIGNATION WITH THE COURT SPECIFYING ONE OR MORE OFFICERS, DIRECTORS, OR MANAGING AGENTS, OR OTHER PERSONS WHO CONSENT TO TESTIFY ON ITS BEHALF, AND SHALL SET FORTH, FOR EACH PERSON DESIGNATED, THE MATTERS ON WHICH HE WILL TESTIFY OR PRODUCE DOCUMENTS OR THINGS. THE PERSON SO DESIGNATED SHALL TESTIFY AS TO MATTERS KNOWN OR REASONABLY AVAILABLE TO THE ORGANIZATION.

ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER

Attorneys for Cross-Defendant, Niles Bolton Associates, Inc.:

Charles E. Rogers, Esq.
CARLOCK, COPELAND, SEMLER AND STAIR, LLP
2600 Marquis Two Tower
285 Peachtree Center Ave
Atlanta, GA 30303
(404) 522-8220

     Russell S. Drazin
JACKSON & CAMPBELL, P.C.
1120 - 20th Street, N.W.
South Tower
Washington, DC 20036-3437
(202) 457-1600

I CERTIFY THAT THE SUBPOENA IS ISSUED IN COMPLIANCE WITH RULE 45(c)(1) AND THAT NOTICE AS REQUIRED BY RULE 45 (b)(1) HAS BEEN GIVEN TO ALL PARTIES.

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)

Counsel for Cross-Defendant

DATE: 9/26/07

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## Exhibit A

All documents, correspondence, memoranda, internal memoranda, drafts, proposals, notes, reports and any other form of written or electronic communications, including e-mail messages and attachments, which were exchanged between Joseph M. Sellers, Matthew K. Handley or any other employee, attorney, shareholder or partner of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. and: (a) Archstone-Smith Trust, Archstone-Smith Operating Trust and all predecessor entities, including Archstone Communities Trust, Security Capital, Security Capital Atlantic and the Charles E. Smith Companies; (b) Richard Ben-Veniste, Gary A. Winters, Andrew A. Nicely or other attorneys or employees of Mayer, Brown, Rowe & Maw, LLP; and (c) LCM Architects, LLC or its employees, and which concern or relate to

(i) the settlement of the claims asserted against the Archstone-Smith Trust and the Archstone-Smith Operating Trust in the lawsuit captioned Equal Rights Center et al. v. Archstone-Smith Trust et al. v. Niles Bolton Associates, Inc., U.S. District Court for the District of Maryland, Civil Action No. 04-3975 AMD;

(ii) allegations of FHA and/or ADA violations at the Properties;

(iii) any completed, planned or proposed modifications to any Properties as a result of the aforementioned settlement; and

(iv) the Cross-Claim asserted against Niles Bolton Associates, Inc. by Archstone-Smith Trust and the Archstone-Smith Operating Trust in the Lawsuit.

For purposes of this subpoena, the term "Properties" shall be defined as the apartment communities known as:

      (1) Archstone Worldgate a/k/a Westerly
      (2) Archstone Hickory Hollow a/k/a Overlook
      (3) Cameron Landing
      (4) Cameron at Barrett Creek
      (5) Archstone North Point a/k/a Cameron at North Point
      (6) Archstone State Bridge a/k/a Cameron Bridge
      (7) Archstone Governors Green a/k/a Cameron at Governors Green
      (8) Archstone Matthews a/k/a Cameron Matthews
      (9) Archstone Olde Apex a/k/a Cameron Woods
      (10) Archstone Springfield Station a/k/a Metro Station
      (11) Archstone Reston Landing
      (12) Archstone Preston a/k/a Cameron Chase
      (13) Archstone Rocky Creek a/k/a Cameron Preserve
      (14) Archstone Woodland Park a/k/a Cameron at Woodland Park
      (15) Archstone Stoneridge a/k/a University Center Apartments

**PROOF OF SERVICE**

| | |
|---|---|
| SERVED:  DATE:_____ | FEES AND MILEAGE TENDERED TO WITNESS |
| PLACE: | _____YES  _____NO |
| _____ | AMOUNT $_____ |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| _____ | _____ |
| SERVED BY (PRINT NAME) | TITLE |
| _____ | _____ |

**DECLARATION OF SERVER**

I certify that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
            DATE                            SIGNATURE OF SERVER

_____        _____
                               ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts (c) and (d):

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of the rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time in the court that issued the subpoena for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant experts resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued, or regarding a subpoena commanding appearance at a deposition, or production or inspection directed to a non-party, the court in the county where the non-party resides, is employed or regularly transacts business in person, shall quash or modify the subpoena if it:

(I) fails to allow reasonable time for compliance; or

(II) requires a person who is not a party or an officer, director or managing agent of a party to travel more than 50 miles from the county where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (III) of this rule, such a person may in order to attend trial be commanded to travel from the county where the subpoena was served to the place within the state where the trial is held; or

(III) requires disclosure of privileged or otherwise protected matter  and no exception or waiver applies; or

(IV) subjects a person to undue burden.

(B) If a subpoena:

(I) requires disclosure of a trade secret or other confidential research, development, or commercial information; or

(II) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party; or

(III) requires a person who is not a party or an office, director or managing agent of a party to incur substantial expense to travel from the county where that person resides, is employed or regularly transacts business in person.

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT 2

# MAYER · BROWN

Mayer Brown LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel (202) 263-3000
Main Fax (202) 263-3300
www.mayerbrown.com

October 8, 2007

BY CERTIFIED MAIL & EMAIL

Lucius T. Outlaw III
Direct Tel (202) 263-3367
Direct Fax (202) 263-5367
loutlaw@mayerbrown.com

United Spinal Association
75-20 Astoria Boulevard
Jackson Heights, NY 11370

Re:    **Subpoena In *Archstone-Smith Trust, et. al. v.
Niles Bolton Associates, Inc.*, Civ. Action No. 04
CV 3975 (D. Md.) (AMD)**

Sir/Madame:

   As counsel for Archstone-Smith Trust and Archstone Smith Operating Trust (collectively "Archstone") in the civil action identified above, I am writing in regards to the subpoena, dated 9/26/07, that Niles Bolton Associates, Inc. ("NBA") through counsel served on the United Spinal Association.

   As you are aware, the subpoena seeks four categories of documents. Archstone objects to the following two categories:

> "(i) the settlement of the claims asserted against Archstone-Smith Trust and the Archstone-Smith Operating Trust in the lawsuit captioned Equal Rights Center et al. v. Archstone-Smith Trust et al v. Niles Bolton Associates, Inc. U.S. District Court for the District of Maryland, Civil Action No. 04-3975 AMD;"

> "(iii) any completed, planned or proposed modifications to any Properties as a result of the aforementioned settlement;"

   The basis of Archstone's objection is that these two categories seek documents related to the settlement between Archstone and the plaintiffs in Equal Rights Center et al. v. Archstone-Smith Trust et al., and therefore any responsive documents are protected from disclosure by Federal Rule of Evidence 408. As a result, Archstone requests that you withhold from any production to NBA all documents responsive to categories (i) or (iii). In addition, we ask that you provide NBA with written objections to the latter two categories within 14 days of service of the subpoena (as required by Federal Rule of Civil Procedure 45(c)(2)(B)). On behalf of Archstone, we will also be serving objections on NBA in response to the subpoena that NBA directed to you.

   Archstone does not object to the production of documents responsive to the two other categories, provided that any responsive documents that reflect, concern, or are connected to the

**FILED**

OCT 2 6 2007

Mayer Brown LLP operates in combination with our associated English limited liability partnership

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Mayer Brown LLP
OCTOBER 8, 2007
PAGE 2

settlement or settlement negotiations are withheld. Archstone will file an opposition with the court if NBA moves to compel the production of documents responsive to categories (i) and (iii).

If you have questions or concerns, please call me at the (202) 263-3367. Thank you for you cooperation and assistance with this matter.

Sincerely,

Lucius T. Outlaw, III

cc:    Charles Rogers, Esq.